Manuel Rodríguez Ema, demandante y apelado, *v.* Héctor O. Álvarez, demandado y apelante.

Núm. 10151.—*Sometido:* Marzo 6, 1950. *Resuelto:* Marzo 9, 1950.

*F. Ponsa Feliú* y *Pedro E. Anglade,* abogados del apelante; *Rafael Rodríguez Ema,* abogado del apelado.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

Manuel Rodríguez Ema radicó demanda de desahucio contra Héctor O. Álvarez en el Tribunal de Distrito de San Juan en la cual alegó que había adquirido la propiedad que trataba de recobrar con anterioridad al 17 de julio de 1947; que había cedido en arrendamiento dicha propiedad al demandado por un término de cinco años el cual contrato había vencido en 15 de julio de 1948; que no tiene establecido negocio alguno que sea similar al que explota el demandado; que con seis meses de antelación a la radicación de la demanda había notificado por escrito al demandado la necesidad que tenía de ocupar para sí el local arrendádole y por último, que necesita de buena fe dicho local para ocuparlo personalmente para un negocio de su exclusiva pertenencia.

El demandado contestó negando los hechos alegados en la demanda y como defensas especiales alegó que el contrato de arrendamiento quedó prorrogado a virtud del artículo 12

de la Ley núm. 464 de abril 25 de 1946 ((1) pág. 1327), según enmendado por la Ley núm. 201 de 14 de mayo de 1948 ((1) pág. 575) (Ley de Alquileres Razonables), por los plazos que fija el artículo 1471 del Código Civil y por el período de emergencia que fija dicha Ley; que el demandante posee otros bienes inmuebles; que el contrato de arrendamiento no era por plazo fijo, con excepción de los primeros cinco años que vencieron en julio 15 de 1943 y desde entonces continuó de mes a mes; que el demandante trae esta acción de mala fe por haber el demandado solicitado de la División de Inquilinato Insular que le rebajara el canon de arrendamiento.

Celebrado el juicio, la corte decretó el desahucio del demandado, concediéndole noventa días después de ser firme la sentencia para que desocupara el local. No conforme el demandado con la sentencia dictada apeló para ante este Tribunal y en su alegato le imputa a la corte sentenciadora la comisión de tres errores, los cuales pueden sintetizarse en que cometió error en la apreciación que hizo de la prueba al resolver que la misma se ajusta a los requisitos exigidos por la Ley de Alquileres Razonables, supra.

Arguye primordialmente el apelante que no se probó en este caso que el demandante necesitara de buena fe el local arrendado para ocuparlo personalmente con un negocio de su exclusiva pertenencia. Veamos lo que dispone la Ley de Alquileres Razonables.

Los artículos 12 y 12–A 7 de dicha Ley, según enmendados por la Ley núm. 201 de 1948, disponen:

"Artículo 12.—Sea cual fuere la fecha de su edificación u ocupación y tanto en las viviendas como en los locales de negocio, aunque cambie el dueño o el titular arrendador, llegado el día del vencimiento pactado en el contrato de arrendamiento, éste se prorrogará obligatoriamente para el arrendador y potestativamente para el inquilino o arrendatario, sin alteración de ninguna de sus cláusulas, todas las cuales se reputarán vigentes. La anterior es aplicable tanto a contratos escritos como a convenios orales y la prórroga se entenderá por los plazos que fija el Artículo 1471 del Código Civil, pero nunca por un período mayor que la duración de la emergencia decla-

rada en esta Ley. Dicha prórroga es también aplicable a solares dados en arriendo y en los cuales existen edificaciones pertenecientes a dueño distinto al del solar.''

''Artículo 12–A.—Como excepciones a lo dispuesto en el artículo precedente, el arrendador podrá negar la prórroga del contrato de arrendamiento y en su consecuencia promover la acción de desahucio solamente en los casos siguientes:

''.

''7. Por necesitar para sí de buena fe, el local de comercio o negocio. Para que prospere esta excepción será necesario que concurran las condiciones fijadas a continuación:

''*a*. Qué el arrendador haya adquirido la propiedad con anterioridad al 17 de julio de 1947, fecha de vigencia de la Ley de Alquileres Razonables en cuanto a locales comerciales y de negocio, y que el local hubiera estado arrendado por plazo fijo y ya hubiera vencido el término del arrendamiento.

''*b*. Que el arrendador no tenga establecido en la misma localidad, en edificio propio o ajeno, un negocio de naturaleza igual o parecida al que tenga el inquilino.

''*c*. Que el arrendador interese el local para ocuparlo personalmente con negocio de su exclusiva pertenencia.

''*d*. El mero hecho de que el arrendador desea o necesite la ampliación de su negocio no será causa bastante para justificar la necesidad en que se halla de ocupar el local que hubiere dado en arriendo.

''*e*. El arrendador deberá notificar por escrito en forma fehaciente al inquilino afectado la necesidad en que se halla de ocupar para sí el local, y le requerirá para que desaloje el mismo, todo ello con seis meses de antelación, por lo menos, a la fecha en que el inquilino reciba la notificación de desalojo.

''*f*. Si dentro de los noventa (90) días de ser desalojado el local y sin que medie justa causa éste no fuera ocupado y abierto al público por el arrendador, el inquilino podrá obtener del arrendador la indemnización que corresponda a los daños efectivamente sufridos por razón del desalojo, suma que nunca será inferior a tres mensualidades de renta, más las costas y honorarios de abogado del demandante. Si en cualquier momento durante los doce meses siguientes a la fecha en que el arrendatario desaloje el local el arrendador la cediese o arrendare a otra persona, indemnizará el arrendatario con los daños que se le hubieren causado, los cuales se fijarán en una suma que en ningún caso será inferior de doscientos (200) dóla-

res o de seis mensualidades de alquiler, cualquiera de estas sumas que fuere la mayor, más las costas y honorarios de abogado del demandante, según los fije el tribunal. Lo anterior es sin perjuicio de la responsabilidad fijada al arrendador en el Artículo 12–J.''

Estas enmiendas a los artículos de la Ley de Alquileres Razonables fueron introducidas por la Asamblea Legislativa después de iniciada la acción en el caso de *Rivera* v. *R. Cobián Chinea & Co.*, 69 D.P.R. 672 y, por tanto, en el presente no surge ninguna de las cuestiones planteadas y resueltas en aquél. La única que aquí confrontamos es en cuanto a cuál debe ser la pauta a seguirse para determinar la buena fe del demandante. Es la propia Ley, en su artículo 12–A 7, supra, la que especifica las circunstancias que deben concurrir, las cuales deben alegarse y probarse para que la acción pueda prosperar. En el caso de autos no se cuestiona la suficiencia de la demanda y, en cuanto a la prueba, después de haber considerado detenidamente la transcripción de la evidencia presentada por las partes, somos de opinión que la misma es suficiente. Se probaron todos los hechos alegados en la demanda, con la única variación de que el contrato de arrendamiento que habían firmado las partes por cinco años venció en el año 1943 y no en el año 1948 según se alegó en la demanda, ya que su renovación por cinco años más no fué adecuadamente probada, si bien hubo prueba tendente a demostrar ese hecho. Esta variación, sin embargo, no afecta la causa de acción del demandante ya que vencido el contrato por término fijo, bien en el 1943 como en el 1948, el arrendamiento continuó de mes a mes de acuerdo con el artículo 1471 del Código Civil citado en el artículo 12, supra, ya que el canon fijado se pagaba de mes a mes. Y aun si no hubiera existido nunca un contrato por término fijo, también el demandante hubiera podido desahuciar bajo el párrafo cuarto del artículo 12–B de la Ley de Alquileres Razonables agregado por la Ley núm. 201 de 1948, supra, que en lo pertinente dispone que:

"En los casos previstos en los incisos 7 y 8 del artículo 12–A, si hubiera contrato por término fijo, no podrá hacerlo [el arrendador podrá resolver el contrato y, en su consecuencia, iniciar una acción de desahucio] (¹) hasta tanto haya transcurrido la fecha fijada para la expiración del contrato, y si no hubiera contrato por término fijo, no podrá hacerlo hasta después de transcurridos los plazos mencionados en los incisos 7 *e* y 8 *d* del artículo 12–A."

Y habiéndose probado que él notificó por escrito al demandado con más de seis meses de antelación al comienzo de la acción, su intención de ocupar el local arrendado, cumplió con el requisito exigido en el inciso 7*e* del artículo 12–A, supra.

Se queja el apelante de que la corte en su sentencia (²) hizo constar que en estos casos era muy difícil probar la mala fe de un demandante ya que "el caso en que se puede probar la mala fe del arrendador, antes del desalojo del inquilino, es un caso excepcional" y por eso es que la propia Ley establece sanciones para el arrendador que logra el desalojo de un inquilino de mala fe, consistiendo dichas sanciones la verdadera protección del inquilino. Estas manifestaciones de la corte posiblemente son una expresión del resultado de lo que demuestra la experiencia y requiere la jurisprudencia en cuanto a la prueba necesaria para dejar demostrada una actuación de mala fe. Empero, ellas no implican que en este caso no se probara que el demandante actuó de buena fe pues la corte hizo constar en su sentencia que "el demandante probó sus alegaciones", resolviendo así el conflicto que existe en la prueba a favor del demandante y no dando crédito a la del demandado.

*Debe confirmarse la sentencia.*

(¹)Esta frase se usa en el primer párrafo del artículo 12–B.
(²)La corte inferior no emitió opinión.